# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| SHAWN M. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:15-CV-455 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the amended Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Shawn M. Davis, a *pro se* petitioner, on October 26, 2015. For the reasons set forth below, the amended petition (DE 3) is **DENIED WITHOUT PREJUDICE**, and the petitioner is **DENIED** a certificate of appealability.

DISCUSSION

Shawn M. Davis, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his parole revocation. However, before a petitioner can challenge a State proceeding, he must have previously presented his claims to the State courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

There are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas corpus petition if the inmate is seeking immediate release. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). Furthermore, if a state habeas corpus petition is improperly filed, it will be converted to a post-conviction petition. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008) and *Ward v. Ind. Parole Bd.*, 805 N.E.2d 893 (2004).

Here, it is unclear whether any of Davis' claims have been adjudicated by a State trial court, but it is clear that he has not exhausted his claims by appealing to the Indiana Supreme Court. *See* DE 3 at 1-2. Therefore he has not exhausted his State court remedies and this habeas corpus petition must be dismissed without prejudice.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As explained, the petition is unexhausted. Nothing suggests that

jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage this case to proceed further. Accordingly, the court declines to issue a certificate of appealability.

CONCLUSION

For the reasons set forth above, the amended petition (DE 3) is **DENIED WITHOUT PREJUDICE**, and the petitioner is **DENIED** a certificate of appealability.

**DATED: December 1, 2015**          **/s/RUDY LOZANO, Judge**
                                                 **United State District Court**